**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DAVID JUSTIN FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>GERALD COUCH,<br>JACOB HANEY, MIKE LUSK,<br>LT. SMITH, SGT. OFFICER<br>WATSON, K. EDWARDS,<br>BUSTAMANTE, T. BRYANT<br>OFFICER COULSAY, and<br>OFFICER ASHLEY<br><br>Defendants. | ) | CIVIL ACTION NO.<br>2:16-cv-0186-WCO |

**COMPLAINT**

COMES NOW Plaintiff and hereby submits his Complaint against the above-named Defendants based on the following grounds:

COUNT ONE

1.

This is an action funder 42 U.S.C. § 1983 for deprivation of rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America; Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and for tortious conduct under state law.

2.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343, and 28 U.S.C. § 1367.

3.

The Plaintiff, David Justin Freeman, is a citizen who resides in the Northern District of Georgia.

4.

Defendant Gerald Couch is sued in his official capacities, is a resident of the Northern District of Georgia and is subject to the jurisdiction of the Court.

5.

The other Defendants are residents of the Northern District of Georgia and subject to the jurisdiction of the Court.

6.

All Defendants were at all times pertinent to this Complaint, acting under color of state law.

7.

On August 3, 2014 Plaintiff was arrested and taken to the Hall County Jail.

8.

Plaintiff has sued the Defendants whom he believes are responsible for his injury.

9.

On June 28, 2016 Plaintiff sent an Open Records Act request attached as Exhibit A.

10.

On July 13, 2016 Plaintiff was informed that the request was received on July 8, 2016.

11.

On July 21, 2016 Plaintiff was informed that "no duty records [had been located]." The Sheriff's Office referred the Plaintiff to Lisa Ritchie, Commission Clerk, for a pay history for that particular date and time. See Exhibit B.

12.

After a request to Ms. Ritchie, Plaintiff was again referred to the Sheriff's Office. See Exhibit C.

13.

Plaintiff's open records request has never been responded to.

14.

Under O.C.G.A. § 9-3-96 Plaintiff has been prevented from learning the identity of possible Defendants by the fraudulent concealment of the same. He reserves the right to amend his complaint to designate such Defendants.

15.

Defendant Couch knew of Plaintiff's arrest and directed the other Defendants to treat him as set out below.

16.

On or about July 30, 2014 Plaintiff met with Defendant Couch to complain about activities of the Sheriff's Department.

17.

Within the week the Plaintiff had been arrested as set out in paragraph 7.

18.

On August 3, 2014 in the evening Plaintiff was arrested for disrupting a meeting.

19.

He was taken to the Hall County Jail.

20.

At the jail he was lifted by Defendants with the exception of Defendant Couch and was held against a wall with a taser against the back of his neck.

21.

He was ordered to strip out of his clothes. He was given a pair of oversized orange boxer-shorts which he could not keep on over his area below the waist because they were too large. He stayed naked for about an hour.

22.

He was placed in a holding cell with nothing but a toilet with a water fountain attached.

23.

He was given no bedding or blanket until after midnight the first night he was there. Although it was hot outside, inside the booking area the air conditioning was going full blast.

24.

The entire time he was in the cell the florescent lights remained on all night and could not be blocked.

25.

It was not until Tuesday August 5, 2014 that Plaintiff was released from jail.

26.

During the entire time Plaintiff was incarcerated he never received bedding or a blanket and was not able to sleep because of the florescent lights.

27.

The actions alleged above violated Plaintiff's rights under the Fourth and Fourteenth Amendment and denied him procedural due process pursuant to the Sheriff's orders and Substantive Due Process.

28.

Plaintiff was damaged in the amount of $100,000.

29.

Plaintiff is entitled to punitive damages of $150,000 because of Defendant's reckless or callous disregard of Plaintiff's constitutional rights.

30.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

COUNT TWO

31.

Paragraphs 1-20 are realleged as though fully set out.

32.

Defendants intentionally caused Plaintiff to apprehend unauthorized physical contact on his person.

33.

Plaintiff is entitled to damages of $75,000.

34.

Plaintiff is entitled to punitive damages of $100,000 because Defendants' conduct showed misconduct, malice, wantonness, oppression or an entire want of conscious indifference to consequences.

35.

Plaintiff is entitled to reasonable attorney fees because of the intentional nature of the tort.

COUNT THREE

36.

Paragraphs 1-26 are realleged as though fully set out.

37.

Each Defendant owed Plaintiff a duty to treat him humanely, to refrain from oppressing him, and not to abuse him.

38.

Each Defendant breached that duty intentionally.

39.

As a proximate result of the breach of duty Plaintiff was injured in the amount of $100,000.

40.

Paragraphs 34 and 35 are realleged as though fully set out.

## COUNT FOUR

41.

Paragraphs 1-19, 23 and 40 are realleged as though fully set out.

42.

The denial of bedding and a blanket breached Defendant Couch's duty and were intentional.

Wherefore Plaintiff prays:

1) for damages as set out above

2) for attorney fees

3) for jury trial

4) for such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
1400 Montreal Rd., Suite 100
Tucker, Ga. 30084
(770) 670-7343
(770) 670-7344 (FAX)